# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ANTONIO SUAREZ MESA,

    Petitioner,

v.                                Case No. 3:14-cv-1484-J-32PDB

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

    Respondent.

## O R D E R

Petitioner Antonio Suarez Mesa, an inmate of the Florida penal system, initiated this action by filing a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), which he later amended (Doc. 5) (Amended Petition). Mesa challenges an immigration detainer issued by the Department of Homeland Security, Immigration and Customs Enforcement (ICE). Mesa names one respondent: the Secretary for the Florida Department of Corrections (FDOC). Respondents filed a Limited Response to Order to Show Cause and Motion to Dismiss Secretary of the Florida Department of Corrections as an Improper Party (Response) (Doc. 8) and attached exhibits (Resp. Ex.). Mesa replied (Reply) (Doc. 9).

Mesa is a native of Cuba who entered the United States without inspection on March 31, 1992. See Am. Petition at 6, 8. In 1996, he was convicted in Hillsborough County of first degree murder and was sentenced to life in prison with the possibility

of parole in twenty-five years.  Id. at 6, 8.  In 1999, ICE (formerly the United States Immigration and Naturalization Service) lodged a federal immigration detainer with FDOC.[1]  Id. at 7, 8.

On November 27, 2011, Mesa filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Florida challenging the federal ICE detainer.  Resp. Ex. A.  In a report, a magistrate judge recommended dismissal of Mesa's petition for lack of jurisdiction, or in the alternative, denial of the petition.  Resp. Ex. C at 12.  The district court ratified, adopted, and affirmed the report and denied Mesa's petition.  Resp. Ex. C at 1.  He subsequently filed this case.

In Mesa's Amended Petition, he challenges the issuance of the immigration detainer.  Am. Petition at 2.  He states the relief he requests from this Court: "Order the removal of the detainer and/or recall the detainer placed on Petitioner pending the immigration hold, based on the executive orders of President B.H. Obama's Nov. 20, 2014 order."  Id. at 9.  "Under certain circumstances, challenges to detainers may . . . be brought under § 2241."  Orozco v. I.N.S., 911 F.2d 539, 541 (11th Cir. 1990) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498

---

[1] An immigration detainer "serves to advise another law enforcement agency that [ICE] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien" and "is a request that such agency advise [ICE], prior to release of the alien, in order for [ICE] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a); see also Gonzales-Corrales v. I.C.E., 522 F. App'x 619, 621, n.2 (11th Cir. 2013).

2

(1973)). However, because ICE is not a party to this § 2241 action, this Court has no jurisdiction over ICE.[2]

Mesa names the FDOC as the respondent, which is generally appropriate in a §2241 action because Mesa is currently in the physical custody of the FDOC. See Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). However, the FDOC did not issue and has no control over the existence of the immigration detainer.[3] As such, this action is due to be dismissed. See Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583 (11th Cir. 2013).[4]

---

[2] Even if Mesa had named ICE as a party, he would need to demonstrate that he is in ICE custody in order for jurisdiction to lie under §2241. The existence of an ICE detainer alone does not render a petitioner in ICE custody for purposes of §2241. See Orozco, 911 F.2d at 541.

[3] In one sentence, Mesa states that the immigration "detainer obstructs his parole eligibility criteria." Am. Petition at 8. He does not request relief, but rather describes an effect of the immigration detainer. Reading his pro se Amended Petition liberally, however, to the extent Mesa seeks to challenge the effect of the immigration detainer on his parole eligibility, such a challenge appears to be premature. Mesa does not supply any information about his eligibility for parole, but based on his offense and conviction dates, it does not appear that he has completed the mandatory twenty-five years of incarceration.

[4] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

Accordingly, it is

**ORDERED:**

1. Respondents' Limited Response to Order to Show Cause and Motion to Dismiss Secretary of the Florida Department of Corrections as an Improper Party (Doc. 8) is **GRANTED**.

2. The Amended Petition for Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 5) is **DISMISSED WITHOUT PREJUDICE**.

3. The **Clerk of Court** shall enter judgment dismissing the Petition without prejudice and closing the file.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal

---

[5] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-Eli v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

4

as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of January, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

lc22
Copies to:   Antonio Suarez Mesa, #TO2682
             Counsel of record